IN THE COURT OF COMMON PLEAS
JEFFERSON COUNTY, OHIO

**Arnold Johnson**
855 Bellevue St.
Greensboro, NC 27406

        Plaintiff,

    v.

**Walmart, Inc.**
CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus OH 43219

and

**John Doe**
Current address and
identity unknown

        Defendants.

FILED
IN COMMON PLEAS COURT
JEFFERSON COUNTY, OHIO

DEC 0 8 2022

ANDREW D. PLESICH
CLERK

Case No. 22CV464

Judge

**Jury Demand Endorsed Hereon**

---

## COMPLAINT

---

Now comes Arnold Johnson ("Plaintiff Johnson"), by and through counsel, and alleges the following against Defendant Walmart, Inc. ("Defendant Walmart") and Defendant John Doe ("Defendant Doe") (collectively "Defendants"):

## PARTIES

1. Plaintiff is an individual and resident of North Carolina, residing at: 855 Bellevue St. Greensboro, North Carolina 27406.

1

2.      Defendant Walmart, Inc. is a foreign corporation doing business in Jefferson County, Ohio, and can be served at their registered statutory agent:  c/o CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

3.      At all times hereinafter mentioned, Defendant John Doe, whose current identity and address is unknown, was the employee and/or servant and/or agent and/or independent contractor of Defendant Walmart.

## JURISDICTION AND VENUE

4.      Plaintiff incorporates the above paragraphs as if fully rewritten.

5.      This Court has original subject-matter jurisdiction over Plaintiff's claims for relief pursuant to the Ohio Constitution, Art. IV, § 4(A)-(B), and R.C. 2305.01, *et seq*.

6.      Venue is proper pursuant to Civ.R. 3(C) because Defendants' conduct giving rise to Plaintiff's claims for relief occurred in Jefferson County, Ohio.

## GENERAL ALLEGATIONS

7.      Plaintiff incorporates the above paragraphs as if fully rewritten.

8.      At all times pertinent to this action, Defendant Walmart owned, operated, maintained, and/or otherwise exercised control over the Walmart Distribution Center located at 843 OH-43, Richmond, OH 43944 (the "Premises").

9.      At all times pertinent to this action, Plaintiff Johnson was a self-employed truck delivery driver making deliveries on behalf of Stewart Logistics Inc.

10.     At all times pertinent to this action, Stewart Logistics Inc. dispatches and assigns trucks to make deliveries across the country, including to the Premises.

2

11.     Plaintiff Johnson was dispatched and assigned to make a delivery of pallets of orange juice to the Premises on December 11, 2020.

12.     At the time of the incident described herein, Plaintiff Johnson arrived at the Premises as scheduled, parked his truck and trailer where assigned, was directed inside to complete paperwork, and then returned to his truck to wait for the call that his delivery was complete.

13.     Plaintiff Johnson, while sitting in his truck, received a call from a female who identified herself as a manager employee of Defendant Walmart. She instructed him to come back inside the warehouse due to an issue with the load inside his trailer. Plaintiff Johnson was buzzed into the building through security and met with the female manager.

14.     She explained to Plaintiff Johnson that some of the load of orange juice inside the trailer had shifted, and some of the cases had fallen to the floor. She instructed Plaintiff Johnson to proceed to the unloading dock and assist the forklift driver in unloading the trailer.

15.     Generally, Plaintiff Johnson does not touch, unload, or assist with unloading his delivery trailer. However, at the direction of the Defendant Walmart employee manager, he proceeded to the unloading dock.

16.     At said time and place, Defendant Doe, a male, advised Plaintiff Johnson that he had not operated a forklift in six (6) years, but he had an idea of how to unload the shifted pallets of orange juice. He instructed Plaintiff Johnson to get into the trailer, stand on the right side of the pallet, and to hold the top side of the stacked orange juice cases. Defendant Doe instructed Plaintiff Johnson on where to stand, how to stand, and what to hold on to.

17.     Defendant Doe also instructed Plaintiff Johnson to cut the plastic shrink wrap that was wrapped around the pallet and cases of orange juice. This caused the cases to not be bound together, to be less sturdy, and able to fall off the stacked pallet.

3

18.     While Plaintiff Johnson was standing next to and holding the top of the stacked pallet, Defendant Doe drove the forklift forks under the pallet and raised the forks up, which caused the loaded pallet to lift. He then proceeded to drive the forklift backwards, and maneuvered it at an angle towards the wall of the trailer.

19.     Plaintiff Johnson warned Defendant Doe that he was going to strike the wall of the trailer, which Defendant Doe quickly responded, "I got it."

20.     Suddenly and without warning, Defendant Doe maneuvered the forklift in a manner that caused Plaintiff Johnson to be pinned between the forklift's backrest/carriage and the trailer wall.

21.     Plaintiff Johnson yelled out that he was pinned and needed help. Defendant Doe jumped off of the forklift and ran around the forklift to attempt to free Plaintiff Johnson with his hand. Plaintiff Johnson yelled, "I am getting crushed."

22.     Defendant Doe mounted the forklift again and swung it around in the opposite direction to free Plaintiff Johnson. However, in doing so, Defendant Doe caused several heavy cases of orange juice to dislodge and fall onto Plaintiff Johnson.

23.     Three employees of Defendant Walmart removed the boxes covering Plaintiff Johnson and helped him to his feet.

24.     The force of the collisions and the pinning of his body caused Plaintiff Johnson to sustain injuries to his chest, neck, back, right knee, and other areas; caused Plaintiff Johnson to experience pain, suffering, mental anguish, emotional distress, permanent and substantial deformity, and loss of enjoyment of life; caused Plaintiff Johnson to incur medical bills and expenses in amount yet to be determined; and will reasonably cause Plaintiff Johnson to incur similar such damages and expenses in the future.

25.     As a direct and proximate result of the collisions referred to herein, Plaintiff Johnson lost

wages in an amount yet to be determined, and is likely to incur similar such losses in the future.

## COUNT ONE: NEGLIGENCE—JOHN DOE

26.     Plaintiff incorporates the above paragraphs as if fully rewritten.

27.     Defendant John Doe, as the operator of a forklift within and on the Premises in charge of unloading pallets, owed Plaintiff and other persons on the Premises a duty of care to keep a proper lookout, maintain an assured clear distance of others, stop his forklift in time to avoid colliding with others, operate his forklift in a manner as to not cause transported objects to make contact with others, to not strike or collide with Plaintiff Johnson and others, and provide proper and safe instruction on how to assist a forklift driver in unloading pallets.

28.     Defendant Doe breached his above duties by failing to keep a proper lookout, failing to maintain an assured clear distance of others, failing to stop his forklift in time to avoid colliding with others, failing to prevent the objects he was transporting from making contact with Plaintiff Johnson, failing to provide proper and safe instruction on how to assist a forklift driver in unloading pallets, and by striking Plaintiff Johnson.

29.     Defendant Doe's above breaches directly and proximately caused Plaintiff to suffer the injuries and damages set forth above.

## COUNT TWO: RESPONDEAT SUPERIOR—DEFENDANT WALMART

30.     Plaintiff incorporates the above paragraphs as if fully set forth herein.

31.     At the time of some or all of Defendant Doe's negligent acts and omissions, Defendant Doe was acting within the course and scope of his employment with the Defendant Walmart.

5

32.     Defendant Doe's above breaches directly and proximately caused Plaintiff Johnson to suffer the injuries and damages set forth above.

33.     Under the doctrine of *respondeat superior*, Defendant Walmart is vicariously liable, in whole or part, for the injuries and damages caused to Plaintiff Johnson by its employee and/or servant and/or agent and/or independent contractor, Defendant John Doe.

## COUNT THREE NEGLIGENCE—DEFENDANT WALMART

34.     Plaintiff incorporates the above paragraphs as if fully set forth herein.

35.     Defendant Walmart had a duty to act reasonably in hiring, instructing, training, supervising, and retaining its employees and/or servants and/or agents and/or independent contractors, including Defendant Doe, and promulgate and enforce policies, procedures, and rules to ensure that its equipment and employees and/or servants and/or agents and/or independent contractors were reasonably safe.

36.     Defendant Walmart had a duty to exercise reasonable care in entrusting its equipment, including its forklifts, to responsible, competent, and qualified forklift operators.

37.     Defendant Walmart also had a duty to exercise ordinary care and to protect Plaintiff by maintaining the Premises in a safe condition, warn Plaintiff of any latent perils, and not cause injury to Plaintiff by any act or activities carried out by Defendant Walmart and its employees and/or servants and/or agents and/or independent contractors.

38.     Defendant Walmart failed in the above-mentioned duties and was therefore negligent.

39.     Defendant Walmart's negligence was the direct and proximate cause of Plaintiff Johnson's injuries and the damages described herein.

**WHEREFORE,** Plaintiff prays for judgment against Defendants; jointly and severally; an

award of economic and noneconomic damages in excess of twenty-five thousand dollars ($25,000), plus applicable interest; an award of reasonable costs and attorneys' fees; and any other relief that this Court deems so just and proper.

Respectfully Submitted,

Sanford A. Meizlish (0002620)
Jason C. Cox (0095169)
Brian R. Noethlich (0086933)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone:  (614) 221-4221
Fax:  (614) 7440-2300
smeizlish@barkanmeizlish.com
jcox@barkanmeizlish.com
bnoethlich@barkanmeizlish.com

*Attorneys    for    Plaintiff    Arnold Johnson*

## JURY DEMAND

Pursuant to Civ.R. 38(B), Plaintiff hereby demands a trial by a jury of eight (8) members on all issues of fact in this matter so triable.

Jason C. Cox (0095169)

7